IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANDREW G. TUCKER,** | ] |
| **Plaintiff,** | ] |
| v. | ]  CV-05-BE-264-S |
| **PJ CHEESE, INC.,** | ] |
| **Defendant.** | ] |

**MEMORANDUM OPINION**

Before the court is Defendant P.J. Cheese's Motion to Stay the Proceeding and Compel Arbitration (Doc. 5). For the reasons stated below, the court DENIES the motion.

**I. Facts and Procedural Background**

On February 8, 2005, Plaintiff filed a Title VII case against his former employer, Defendant P.J. Cheese, Inc., for race discrimination. *See Doc*. 1. Defendant has not yet answered the complaint.

On March 17, 2005, Defendant filed a Motion to Stay the Proceeding and Compel Arbitration (Doc. 5) under the Federal Arbitration Act. In its motion, the Defendant acknowledged that it did not have a copy of an arbitration agreement signed by the Plaintiff. In support of its motion, Defendant stated that it has a written arbitration policy. *Doc*. 5, p.1. Further, Defendant suggested that the Plaintiff had agreed to the policy because, as Area Supervisor, Plaintiff would have oriented new "Team Members" on the Dispute Resolution Program. *Id*. Defendant also stated that "the business of P.J. Cheese and its employees 'involves'

1

interstate commerce."  *Doc*. 5. p.2.

On March 23, 2005, Plaintiff filed a response to the motion to compel arbitration arguing, *inter alia*, that the Defendant had not carried its initial burden to show that the parties had a written arbitration agreement.  *See* Doc. 6.  On March 28, 2005, the court entered an Order permitting Defendant to reply to Plaintiff's response by April 4, 2005. *See* Doc. 7.  The Defendant filed no reply.  On April 6, 2005, after initially filing its motion without the support of a signed arbitration agreement, and after the time for briefing the arbitration issue had passed, the Defendant moved the court to stay ruling on the arbitration issue to allow for limited discovery.  *See* Doc. 9.  By separate Order, the court denied the Defendant's Motion to Postpone the Hearing on the Motion to Compel and to Allow Limited Discovery. *See* Doc. 10.

## II. Standard of Review

The validity of an agreement to arbitrate is generally governed by the Federal Arbitration Act.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).  The FAA "create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Congress enacted the FAA to implement a "liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and to "place arbitration agreements on the same footing as other contracts." *Gilmer*, 500 U.S. at 24. The FAA accomplishes these objectives primarily through its principal substantive provision, section two, requiring that a written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

revocation of any contract." 9 U.S.C. § 2.  Sections three and four of the Act buttress section two's policy favoring enforcement of arbitration agreements by authorizing, respectively, stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, 9 U.S.C. § 3,[1] and the issuance of court orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement, 9 U.S.C. § 4.[2]

Generally, the court determines whether a party is bound to arbitrate, and what issues it must arbitrate, by applying ordinary state contract-law principles to the language of the parties' contract.  *See First Options of Chicago v. Kaplan*, 514 U.S. 938, 943, 944 947 (1995); *AT & T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986).  In construing a written arbitration agreement, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24-25.

However, "the FAA's pro-arbitration policy does not operate without regard to the wishes of the contracting parties."  *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995).  Indeed, the FAA is "at bottom" simply "a policy guaranteeing the enforcement of private

---

[1]The relevant portion of 9 U.S.C. § 3 states:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had. . . .

[2]9 U.S.C. § 4 states in pertinent part, "A party aggrieved by the alleged ... refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement."

contractual arrangements." *Mitsubishi Motors Corp. v. Soler Chrysler--Plymouth, Inc.*, 473 U.S. 614, 625 (1985). Accordingly, the FAA "does not require parties to arbitrate when they have not agreed to do so." *Volt Info. Sci's., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). "Nothing in the statute authorizes a court to compel arbitration of any issues, or by any parties, that are not already covered in the agreement." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).

The parties' burdens on a motion to compel arbitration resemble the parties' burdens on a motion for summary judgment. *See Kenworth of Birmingham, Inc. v. Langley*, 828 So. 2d 288, 290 (Ala. 2002); *Allied-Bruce Terminix Co's. v. Dobson*, 684 So. 2d 102,108 (Ala. 1995) (citing *Par-knit Mills, Inc. v. Stockbridge Fabric Co.,* 636 F. 2d 51, 54 n.9 (3rd Cir. 1980)); *see also In re Knepp*, 229 B.R. 821, 835 (N.D. Ala. 1999) (citing 4 Am. Jur. 2d *Alternative Dispute Resolution* § 122 (1995) ("Generally, the burden is on the movant to demonstrate to the court that the dispute is arbitrable."). A party seeking to compel arbitration must proffer a contract containing a written arbitration agreement and demonstrate that the underlying contract evidences a transaction affecting interstate commerce. *Kenworth of Birmingham*, 828 So. 2d at 290; *see also In re Knepp*, 229 B.R. at 835 (noting that the movant bears the burden to demonstrate by clear and unmistakable evidence that an agreement to arbitrate existed between the parties). If the party seeking to compel arbitration establishes the above-referenced elements, then the burden shifts to the opposing party to present evidence that the arbitration agreement is not valid or that it does not apply to the dispute in question. *Kenworth of Birmingham*, 828 So. 2d at 290.

### III. Discussion

Defendant has not met its burden to show that the FAA applies to the parties' dispute

because the Defendant has not shown that the parties have a written arbitration agreement. *See* 9 U.S.C. § 2; *see also Volt Info. Sci's., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474, 478 (1989) (recognizing that the FAA only applies when the parties have a written agreement to arbitrate).

In considering whether the parties have a written arbitration agreement subject to the FAA, "courts generally ... should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  The Defendant has not even said which State the court should look to for law governing the contract formation issues in this case.  Indeed, Defendant cites no legal authority whatsoever for the proposition that Plaintiff's alleged presentation of a single slide to other employees describing the Dispute Resolution Program,[3] combined with Defendant's general policy of requiring employees to sign an arbitration agreement, suffices to establish that Plaintiff and Defendant had a written arbitration agreement subject to the FAA.  Moreover, the evidence submitted by the Defendant does not establish that the Plaintiff used the alluded-to Power-Point presentation.  At most, the Defendant's evidence establishes only that the Plaintiff was an Area Supervisor whose job it was to orient new "Team Members," and that one of the Power Point slides prepared for use by Area Supervisors in new Team Member orientation "demonstrates ... the Dispute Resolution Program" and "is covered as part of the standard orientation program."  Doc. 5, Ex. 1.  Moreover, the evidence submitted by the Plaintiff flatly contradicts the Defendant's suggestion that the Plaintiff used a Power Point presentation to orient new "Team Members" and that the Plaintiff knew of

---

[3]Defendant did not submit to the court a copy of the Power Point slide referenced in the Motion to Compel Arbitration.

the general policy requiring employees to submit disputes to arbitration. *See* Doc. 6, Ex. 1, p.2. Finally, the Plaintiff states in his affidavit that he never saw or signed an arbitration agreement similar to the example agreement provided by the Defendant. *See* Doc. 6, Ex. 1.

Because the Defendant has not shown that the parties had a written arbitration agreement, the court denies the Defendant's motion to stay the proceeding and compel arbitration.

DONE and ORDERED this 15th day of April, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE